## Oyer and Terminer—Orleans County.

### June, 1885.

### PEOPLE v. SCULLEY.

#### VERDICT OF ACQUITTAL—NOT BAR TO PROSECUTION FOR PERJURY OF PARTY ON TRIAL.

A verdict of acquittal upon the trial of an indictment,—e.g., for robbery,
—is no bar to a subsequent indictment and conviction for perjury,
committed by defendant as a witness on his own behalf, on the
trial of the former indictment, though the testimony on the two
trials be substantially the same.

TRIAL of an indictment.

The defendant, Edward Sculley, was indicted for the crime
of perjury in the court of Oyer and Terminer of Orleans
county, October 9, 1884, and was tried in said county before
Hon. CHARLES DANIELS and a jury, June 4, 1885.

The facts in the case are as follows :

Edward Sculley, and one Charles Bodkin were indicted in
October, 1883, for having robbed one Cody of a gold watch, in
the village of Holley, N. Y., the robbery occurring about mid-
night, of June 9, 1883. In the Orleans Oyer and Terminer
of June, 1884, they were tried separately upon the indictment.
Bodkin was convicted and Sculley was acquitted. Upon the
trial Sculley testified in his own behalf : 1st. That he did not
aid or assist in the robbery of Cody, and knew nothing about it;
2d. That he never had the Cody watch in his possession, nor
had he seen it since the night of the robbery on June 9, 1883.
Edward Sculley was indicted herein for having committed per-
jury as a witness upon his own behalf upon the trial of said
indictment against him for robbery. The evidence upon the
indictment for perjury was substantially the same as the evi-
dence upon the trial of the indictment for robbery. The
counsel for the defendant moved that upon all the evidence the
defendant be discharged, or that the court direct the jury to

find a verdict of not guilty, or that the indictment be quashed, upon the ground that the same evidence had been produced upon this trial that was produced upon the trial for robbery; that it was a retrial for the same offense under an indictment charging him with another crime; and that a person could not be placed upon trial twice for the same offense.

*Clark D. Knapp,* district attorney, for the people, plaintiff.

*C. J. Church,* for the defendant.

DANIELS, J., held that the indictment was good. As to the other points, he said:

" The objection was suggested to my mind when the jury was impaneled as to whether the case did not involve such a re-examination of the preceding case as to preclude the prosecution of the offense by way of indictment for perjury committed upon that trial. Of course, such a case could not have arisen before the act was passed allowing the defendant to be a witness in his own behalf, and that statute is of recent date, and there is no case that I am aware of where this precise point has arisen, as to whether or not a person may be indicted for perjury for giving testimony falsely upon a trial of himself which may have resulted in his acquittal. But the preceding rule of the common law was that a judgment received by a person in his favor could not be admitted in his favor. It was not a record upon which he could stand as a legal estoppel, but it was a matter open for re-examination, and if it was obtained by perjury on the part of the person in whose favor it might be rendered, there was a good reason for holding that though the perjury had been successful, it would not exonerate him from criminal prosecution. The statute allowing witnesses to take the stand in their own behalf, and subjecting them to the same consequences as other witnesses, has exposed the accused, where he gives false testimony knowingly, to prosecution by way of indictment afterwards, although his testimony may have resulted in his favor. If that should not be the rule, then in all cases a very strong inducement would be held out to the accused to swear falsely, if he could swear

falsely with the assurance in his own mind that he would be under no criminal accountability whatever, and that he could not be indicted the same as any other witness might be. That was not any part of the purpose of the law allowing the accused to be a witness in his own behalf on the trial. One of the objects was to subject him to all the restraints and obligations that other witnesses were subjected to, in order to insure so far as possible, a truthful statement from him when he was placed as witness upon the stand. It is more important that these restraints should be imposed upon a person swearing in his own behalf in a civil or criminal case, than upon other persons, for the purpose of securing, as far as possible, truthful testimony in courts of justice. If they are not to be imposed, then the criminal goes upon the stand with the knowledge that he may swear falsely and is in no manner responsible for the crime, and thus destroy one of the great safeguards that might be expected to accrue. I think the law is not designed to uphold any such inconsistency. The law permitting witnesses to testify in their own behalf is consistent only with that view. On the other hand, under the provision of the Code (more than under the preceding statute) a person may falsely and knowingly make a false statement that is material to the case upon trial on indictment, or in the course of legal proceedings, shall be guilty of the crime of perjury. The Legislature has made no exception to it whatever, and, of course, under those circumstances it must be held to include a party to the proceedings of the trial the same as all others. Although at first, the objection seemed to be rather formidable, I think there is nothing whatever in it, and it cannot be allowed to stand in the way of the further prosecution of the proceedings. As to the evidence, it is a proper subject for the consideration of the jury; it is not necessary to go over it now. It is sufficient as the evidence stands now, to say that requires it to be submitted to the jury."

The case was submitted to the jury, whose verdict was guilty. The sentence was ten years' imprisonment. A new trial upon the same grounds as above was denied by the court.

No appeal was taken.